# United States Court of Appeals
# for the Fifth Circuit

No. 23-50245
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pedro Nimaja-Pol,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-757-1

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Pedro Nimaja-Pol appeals his conviction and sentence for illegal reentry following removal. He first argues the district court erred in entering a judgment reflecting that his conviction was under 8 U.S.C. § 1326(b)(2) because he did not have a prior conviction for an aggravated felony. Because he did not raise this issue in the district court, our review is limited to plain

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, he must demonstrate a clear or obvious error that affects his substantial rights. *Id.* If he makes this showing, we have discretion to correct that error but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). The Government agrees that the judgment is incorrect and moves to reform it to reflect the correct statute of conviction, § 1326(b)(1).

Nimaja-Pol has a 2018 state conviction for one count of possession of child pornography and one count of possession or promotion of child pornography. The Texas child pornography statute prohibits the possession of material visually depicting a child under 18 years of age engaging in sexual conduct, including "lewd exhibition of . . . any portion of the female breast below the top of the areola." Tex. Penal Code Ann. § 43.25(a)(2); *see* Tex. Penal Code Ann. § 43.26(a). The Texas statute sweeps more broadly than the federal statute prohibiting the possession of child pornography, which does not cover such conduct. *See* 18 U.S.C. §§ 2252(a)(4), 2256(2)(A)(v). Thus, the Texas offense of possession of or promoting child pornography is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(I). *See United States v. Vega*, 960 F.3d 669, 675 (5th Cir. 2020). We therefore exercise our discretion to correct the error. *See United States v. Rodriguez-Flores*, 25 F.4th 385, 390–91 (5th Cir. 2022).

Next, Nimaja-Pol argues for the first time on appeal that his sentence exceeds the statutory maximum and is therefore unconstitutional because the district court enhanced his sentence under § 1326(b) based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While he acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. The Government agrees and has filed a motion for summary affirmance.

No. 23-50245

Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Thus, Nimaja-Pol is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion to reform the judgment is DENIED, and the Government's alternative motion to remand the case to reform the judgment is GRANTED. The case is REMANDED to the district court for the limited purpose of reforming the judgment to reflect conviction and sentencing under § 1326(b)(1). The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time is DENIED. The judgment is otherwise AFFIRMED.